UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                    CIVIL ACTION NO. 98-70750

    v.                             DISTRICT JUDGE JOHN CORBETT O'MEARA

GLENDA D. BEVEL,            MAGISTRATE JUDGE VIRGINIA MORGAN

    Defendant.

_____/

**REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANT'S OBJECTION TO GARNISHMENT**

This matter is before the court on the motion of the defendant to have the 25% garnishment stopped. Oral argument was held before the magistrate judge on July 13, 2009. Although referred for hearing and determination, our jurisdiction (absent consent) is limited to a Report and Recommendation because this is a post-judgment matter. Post-judgment objections to garnishment, as well as requests to set aside default judgment, are not pretrial matters, and therefore a Magistrate Judge referred these matters without consent and an order of reference pursuant to 28 U.S.C. § 636(c) must proceed by Report and Recommendation. See, 28 U.S.C. § 636(b)(1)(b). *United States v. Storks* 2009 WL 1076302, 1 (E.D.Mich.,2009), *Massey v. City of Ferndale,* 7 F.3d 506, 510 (6th Cir.1993); *United States v. Tyson,* 265 F.Supp.2d 788, 789 (E.D.Mich.2003). For the reasons discussed below, this Court recommends that defendant's objections to the garnishment be denied in part.

It is recommended as follows:

- Plaintiff's garnishment be reduced to $25.00 per biweekly pay period;

- Plaintiff be ordered to sign a wage assignment.

- The total amount of funds obtained pursuant to the current garnishment be released to the government and applied to plaintiff's balance;

- Plaintiff be ordered to submit forthwith an order in conformance with this recommendation and a wage assignment for defendant's signature.

**Background**

This is an action seeking to collect on a government guaranteed loan payment. A default judgment was entered in the case July 23, 1998, in the amount of $2,450.38; a balance of $6,964.08 remains outstanding. Plaintiff served a Writ of Garnishment on defendant's employer, Health One Medical Center P.C. Plaintiff is employed there earning approximately $1,180/month. (Bankruptcy Petition and Schedule, 09-43141; the loan was not discharged and is not generally dischargeable in bankruptcy. 11 U.S.C.§ 523(a)(8))

In June, 2009, plaintiff filed a request for a hearing on the garnishment. (#17) Plaintiff objects to the garnishment but has not contacted plaintiff's counsel in order to work out a payment schedule. She has no valid exceptions to the garnishment. She argues that she is only working part time; pays $700 for rent and bills, and has to have money for her medications and food. She produced a medication list in court and stated that she owned no car. Based on statements at the hearing, plaintiff has not made any voluntary payments on her student loan obligations.

**Legal Analysis**

The applicable provisions of the Debt Collection Improvement Act of 1996 allows the DOE to garnish a debtor's wages without obtaining a court order.   Poverty is not one of the statutory defenses and the garnishment statute takes into account defendant's situation by limiting the garnishment to 25% of disposable funds.  While financial hardship can be a valid objection to garnishment, the debtor bears the burden of proof.  34 C.F.R. 34.14(c)(1); see, *Harrill v. U.S. Dept. of Educ.* 2009 WL 230126, 2 (S.D.Ohio,2009).  Administrative Wage Garnishment is authorized by Section 31001(o) of the Debt Collection Improvement Act of 1996 (DCIA), Pub.L. 104-134, 110 Stat. 1321-358 (April 26, 1996), codified at 31 U.S.C. §3720D. *Harrill v. U.S. Dept. of Educ.* 2009 WL 230126, 4 (S.D.Ohio,2009)

Due to the small amount of money that plaintiff earns, the garnished amount of some $250/month would substantially reduce her available funds and leave her only $50/month for food and medication.  She has provided evidence of medical costs which do not seem to be in dispute.  A discharge of the debt is not appropriate and some payment is required to be made on a regular basis. The court has endeavored to accommodate the interests of both parties by reducing the amount of the acceptable garnishment but requiring defendant to sign a wage assignment as per the plaintiff's request. Here, the amount recommended is less than the government wishes.  This amount takes into account defendant's medication payments and her circumstances.  It may however, turn out to be inadequate, may not even cover the interest on the loan. If plaintiff's wages increase, the government may return for reconsideration.

Nevertheless, considering the $1000 per month she earns, the $700 per month that she pays for rent and utilities, and $300 remaining for food and medication, a garnishment of $250 would not leave her sufficient income.

Therefore, it is recommended that the garnishment be reduced to the amount of $25 per biweekly pay period, that defendant sign a wage assignment, and that previously garnished funds be released to plaintiff and applied to defendant's balance. These terms are to be included in the proposed order submitted by plaintiff/government counsel and it is recommended that the same be entered by the district judge.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                              S/Virginia M. Morgan
                              Virginia M. Morgan
                              United States Magistrate Judge

Dated: July 15, 2009

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and defendant via the Court's ECF System and/or U. S. Mail on July 15, 2009.

                              s/Jane Johnson
                              Case Manager to
                              Magistrate Judge Virginia M. Morgan